CHARNECO v. CABÁN.

APPEAL from the District Court of Aguadilla.

No. 230.—Decided March 30, 1908.

APPEAL—CONTRADICTORY EVIDENCE—FINDINGS OF INFERIOR COURT.—The findings of the inferior court upon contradictory evidence must be accepted by the appellate court in the absence of a showing that the inferior court has committed manifest error.

The facts are stated in the opinion.

*Mr. Lino, Vázquez* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This action was originally brought in the District Court of Aguadilla for the purpose of obtaining the ejectment of Daniel Cabán, who, according to the plaintiff, Charneco, occupies at sufferance a tract of land belonging to him upon which the defendant has erected a hut with a thatch roof. The litigation began on October 28, 1907.

In his answer, the defendant denies the facts set forth in the complaint and alleges that the house he occupies and the land belong to him.

The trial having been held and the evidence heard, the judge rendered judgment on November 19, 1907, holding that

the law and the facts were in favor of the defendant, inasmuch as the evidence was contradictory and not convincing to his mind, for which reason he directed the dismissal of the complaint with the costs against the plaintiff.

On November 23, 1907, notice of this appeal was filed in the office of the secretary of the Aguadilla Court.

The record was received by the secretary of this Supreme Court on December 17, 1907.

With it was submitted a statement of facts approved by the trial judge.

Upon a careful examination of this statement of facts, we find that the judge of the Aguadilla court is correct. The evidence is contradictory as a mere perusal of said document will show.

But no matter how much we might attempt to do so, we could never place ourselves in the position of the trial judge who heard the arguments and the oral evidence and could appreciate the credibility of each witness, and judge whether the private document of purchase of the tract of land and the tax receipts submitted by the plaintiff refer to the land occupied by the defendant and his little house.

If, under these circumstances, the trial judge before whom the proceedings took place was not convinced of the right of the plaintiff after considering the evidence in its entirety, as he states in his judgment, it is impossible for this Supreme Court to change this opinion when it has not at its command the same elements which the judge had.

The latter decided the conflict in favor of the defendant and as it has not been shown that he misused in any way the power vested in him by law to weigh the evidence, his decision must be sustained. We have announced this principle in the cases of *José Morales* v. *Machete Central*, 9 P. R. Rep., p. 117; *Estate of Eudaldo Iglesias* v. *Gorgonio Bolívar*, 11 P. R. Rep., p. 422; *Pedro Auffant Figeroa* v. *Juan Serra Urgell*, (*ante* p. 39.) There is no reason here to justify a departure

from this principle which has been established by the jurisprudence of the courts of the United States.

For these reasons, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.